**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0869-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN MARTINEZ,
a/k/a JUAN MARTINES,
MARTINEZ JUAN ECHEVARRIA,
JUAN ECHEVARRIA MARTINEZ,
JUAN HECABARIA-MARTINEZ,
JUAN MARTINAS ECHEVARRIA,
JUAN MARTINEZ ECHEVALLIA,
JULIO MARTINEZ,
JUAN MARTINAS,
JUAN MARINEZ,
JIMMY LNU,
JUAN M. ECHEVALLIA,
MARTINEZ J. ECHEVARRIA,

     Defendant-Appellant.

_____

Submitted November 27, 2023 — Decided December 4, 2023

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 19-07-0477.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Juan Martinez appeals from a July 29, 2021 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On April 11, 2019, Elizabeth police executed a search warrant at defendant's mother's home. They searched defendant and found ten knotted clear bags containing cocaine and $183. When police searched his bedroom, they found a plastic canister containing a clear plastic bag holding 244 grams of cocaine, two Ziploc plastic bags of cocaine, and two smaller bags of cocaine, for a total weight of 346 grams of cocaine. A search of the apartment yielded seventy glassine envelopes of heroin, a small amount of marijuana, a Cobra brand .380 caliber handgun, four .380 caliber bullets, three scales, empty bags, glass vials with caps, strainers with cocaine residue, a pestle with cocaine residue, a total of $6,439 in cash, and correspondence belonging to defendant. Defendant lived within 1,000 feet of a school and 500 feet of a playground.

Defendant was indicted on third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1), (counts one and two); first-degree possession of CDS with intent to distribute (cocaine in a quantity of five ounces or more), N.J.S.A. 2C:35-5(b)(1), (count three); second-degree possession of CDS with intent to distribute in or within 500 feet of a public park, N.J.S.A. 2C:35-7.1(a), (counts four and five); third-degree possession of CDS with intent to distribute on or within 1,000 feet of school property, N.J.S.A. 2C:35-5(a), (counts six and seven); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(3), (count eight); and second-degree possession of a firearm while committing a CDS crime, N.J.S.A. 2C:39-4.1(a), (count nine).

In October 2019, defendant wrote to the court seeking discovery. He requested the probable cause affidavit used to secure the search warrant and the grand jury transcripts.

In December 2019, defendant agreed to plead guilty to count nine. During the plea proceeding, he admitted possessing cocaine with intent to distribute, and that the gun was his and he did not have a permit to possess it. All other charges were dismissed.

A-0869-21

Defendant was subsequently sentenced to eight years imprisonment with forty-two months of parole ineligibility. The court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3); six, N.J.S.A. 2C:44-1(a)(6); and nine, N.J.S.A. 2C:44-1(a)(9) outweighed the non-existent mitigating factors. In support of aggravating factors three and six, the risk that defendant will commit another offense and the extent of the defendant's criminal record, the court found defendant had six prior indictable convictions, including weapons and CDS offenses. The court applied factor nine and found an "overwhelming need to deter [defendant] and others from possessing guns while committing [CDS]-related offenses." On the same day defendant was sentenced, he was indicted on second-degree certain persons not to possess a handgun, N.J.S.A. 2C:39-7, because of a prior conviction for manslaughter.

In December 2020, defendant filed a PCR petition. He argued his trial counsel was ineffective because he failed to explain or review discovery and "forced [defendant] into a plea that was not voluntarily made." Defendant claimed he asked trial counsel to challenge the sufficiency of the search warrant, but counsel made no attempt to investigate or respond to the request. He asserted the gun was not his and counsel failed to have it analyzed to determine whether it contained his fingerprints. Defendant also argued defense counsel

4

was ineffective for failing to file motions to suppress the evidence found in defendant's home.

Judge Regina Caulfield presided at defendant's plea and sentencing proceedings; she was also the PCR judge. She rendered an oral opinion and made detailed findings of fact and conclusions of law rejecting his contentions.

The judge found defendant avoided a longer sentence than he would have faced if he pursued a trial. The plea transcript showed "defendant told the [c]ourt his mind was clear, he was awake and alert, and . . . he had not taken any medication or drugs, nor had he dr[u]nk any alcohol. . . ." The judge noted she addressed defendant's letter seeking discovery by "specifically ask[ing] . . . if he had spent some time speaking with his attorney . . . about the case. He said he had done so. They had discussed the strengths and weaknesses of the . . . State's case against him and he had reviewed things like police reports and lab reports."

When the judge asked defendant whether he discussed the possible motions his attorney could file on his behalf, he responded as follows: "Well, we talk about things, but nothing really got resolved so that's why I just [want] to be done with the case [and] I'm pleading guilty." The judge noted she "told . . . defendant he did not have to plead guilty. He has a right to go to trial. He said he didn't want to go to trial. He said, 'I just want to be done with this.'"

A-0869-21

The judge recounted she told defendant "if he wanted a trial, [she would] set a trial date." She advised him he had the same rights as a citizen, including the right to: have counsel file motions on his behalf; a jury trial; testify; and have his attorney cross-examine the State's witnesses. The judge told defendant the jury would have to follow the law in deciding his case.

The judge recounted that she asked defendant "if he was threatened or forced or pressured to plead, he said no. . . ." She thoroughly reviewed the plea with defendant, including "[t]he supplemental form with the additional financial penalties." Defendant testified he reviewed, understood, initialed, and signed every page of the plea form, "and if he had any questions his attorney answered his questions." The judge found as follows: "His answers were truthful. I asked him again if anybody was forcing him or threatening him to get him to plead guilty. He said no."

The judge then noted she "explained the plea agreement, the dismissals, the supplemental [Graves] Act form . . . ." Defendant testified "he reviewed that form with his attorney and . . . understood it and signed it. He said he understood all . . . his constitutional rights. . . . [H]e was completely satisfied with . . . the advice from his attorney." Defendant told the judge he wanted to plead guilty. She noted her "recollection is that he did so without hesitation . . . ." Defendant

told the judge the cocaine and the gun were his. He said he knew it was unlawful for him to have the gun and he intended to distribute the drugs by selling them.

The judge noted defendant had an extensive criminal record and "faced not just more time had he gone to trial and been convicted[,] . . . [h]e was mandatory extended term eligible[,] exposing him to a greater sentence . . . ." Further, pursuant to N.J.S.A. 2C:39-4.1(d), defendant faced a consecutive sentence on count nine if he proceeded to trial and a jury found him guilty of the other drug offenses. She found it was likely defendant would have been convicted of all the counts in the indictment because the evidence against him was "overwhelming."

The judge rejected defendant's claim defense counsel was ineffective for not moving to dismiss the indictment or suppress the evidence of the search. She noted defense counsel was experienced, and filing these motions would be meritless because they would likely be denied. The judge rejected the claim counsel was ineffective for failing to have the gun analyzed because "guns don't always yield forensic evidence. The gun was in [defendant's] . . . apartment. He freely admitted it was his gun along with the drugs that he possessed with intent to sell/distribute . . . . There's no evidence anybody even lived in the apartment

A-0869-21

besides his mother . . . . [There were n]o codefendants . . . ." She concluded "it's not ineffective for a defense attorney not to file a meritless motion."

The judge also rejected defendant's PCR claims because they "clearly contradict[ed]" his plea allocution. Indeed, defendant testified "on his own behalf, . . . he apologized [at sentencing]. He felt sorry. . . . And he accepted responsibility."

The judge found defendant was not entitled to an evidentiary hearing because he failed to establish a prima facie case of ineffective assistance of counsel. She concluded as follows:

> Counsel's performance . . . was far from deficient. . . . His representation from where I'm sitting, what I've read, [and] what I know about the case was superior. There were no motions that could have been successful. There was no deficient performance and no prejudice of any kind to the defense . . . . [Trial counsel] did a tremendous job saving [defendant] from many, many more years in custody than what he . . . has to serve. And . . . having an extensive prior record . . . put [defendant] in a position of frankly facing more time than most other defendants and still[, trial counsel] secured what seems to me to be a very fair and reasonable agreement on the part of the State[,] and [defendant] wisely accepted that offer and was sentenced in accordance with the plea.

Defendant reprises the arguments raised in his PCR petition on appeal as follows:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE, FILE PRETRIAL MOTIONS, PROVIDE DISCOVERY, OR COMMUNICATE ADEQUATELY, THEREBY PRESSURING HIM INTO AN UNINTELLIGENT GUILTY PLEA.

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). We review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 416 (2004).

A defendant's right to effective assistance of counsel extends to the plea-negotiation process. Lafler v. Cooper, 566 U.S. 156, 168 (2012); see also State v. Chau, 473 N.J. Super. 430, 445 (App. Div. 2022). Ineffective assistance of counsel claims must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 57-58 (1987). A petitioner must show how counsel's performance was deficient, and that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

9

Where there is a guilty plea "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020) (alteration in original) (quoting State v. Nuñez-Valdez, 200 N.J. 129, 139 (2009)). A defendant must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Ky., 559 U.S. 356, 372 (2010); see also Aburoumi, 464 N.J. Super. at 339.

"[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); R. 1:6-6. A defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. He must provide facts to support his allegations. Ibid. This is because there is a strong presumption that counsel's performance fell within the wide range of reasonable representation. State v. Pierre, 223 N.J. 560, 578-79 (2015).

A-0869-21

Pursuant to these principles, we affirm substantially for the reasons expressed in Judge Caulfield's thorough and well-reasoned opinion. Our de novo review of the record convinces us defendant's petition failed to establish a prima facie case of ineffective assistance of counsel warranting either an evidentiary hearing or post-conviction relief. Defendant presented no facts to suggest counsel rushed him into a plea and failed to discuss his case with him. Instead, he made bald assertions the evidence would have been suppressed. The record clearly reflects the search warrant was valid and the drugs and the gun found inside defendant's home belonged to him and did not point to any other person. Therefore, moving to analyze the gun would have been futile.

The record convinces us defendant would not have likely rejected the plea bargain in favor of motion practice, an investigation, and trial. There are no facts in the record to convince us what an investigation would have revealed and that it would have led to a better result.

The plea transcript confirms the judge's finding defendant's guilty plea was knowing, voluntary, and intelligent. Defendant knew he faced a slew of charges, and he reviewed his options with counsel and wanted to enter the plea. The judge carefully reviewed the terms of the plea, gave defendant time to consider his options, and then thoroughly reviewed his rights before accepting

his plea. By entering the plea, defendant avoided a lengthier sentence, which was mandatory extended term eligible, and required consecutive sentences. We are in accord with Judge Caulfield's view that the evidence against defendant was "overwhelming" and likely would have led a jury to convict him of greater offenses.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0869-21